## HOLZER v MEEKER

Ohio Appeals, 6th Dist, Wood Co
No 481. Decided Feb 1931 ·

George A. Cheney, Bowling Green, for Holzer.

Edward W. Fries, Bowling Green, for Meeker.

JUSTICE, P. J., CROW and KLINGER, JJ. (3rd Dist) sitting.

KLINGER, J.

At the trial Meeker offered parol evidence to prove the kind and character of trunk that Holzer had agrede to provide. Attorneys in behalf of Holzer object to the competency of this evidence, contending that (a) it is a modification of the written contract and (b) it is a revocation of the written contract by oral testimony.

In our opinion oral testimony describing the kind and character of trunk in the instant case would only be explanatory of the intentions of the parties and to show what was meant by the expression used in the written contract—"trunk on the rear". The object was not to vary or contradict, but to develop the meaning of the contract by ascertaining the sense in which these words were intended to be used.

In the case of **Aronson vs. Frankfort Chair Co., 21 C. C., N. S., 30,** the court held:

"Ambiguous words used in a written contract may be explained by parol evidence, and also that there can not be the slightest objection to the admission of evidence of previous conversations which neither alter nor add to the written contract, but merely enables us to ascertain what was the subject matter referred to therein."

In the case of **The Baker Motor Vehicle Co. vs. Albert H. Price, et al., 23 C. C., N. S., 43,** the court held

"Where words in a written contract are susceptible of more than one meaning and are open to more than one reasonable construction, depending upon the sense in which they were used by the parties, parol evidence of conversations preceding the making of the contract, which neither alter nor add to the written contract, but merely enables the court to ascertain the subject matter referred to therein, are admissible in evidence."

Again, in the case of **Norfolk & Chesapeake Coal Co. vs. John, 18 Oh Ap 512,** the court says:

"Parol evidence may not be introduced to vary, modify or constradict the provisions of a written contract, where the language is clear and unambiguous, but parol evidence is admissible to show the situation of the parties and the circumstances under which a written instrument was executed, for the pur-

pose of ascertaining the intention of the parties and properly construing the writing."

There is no dispute between the parties as to the written contract stipulating that a trunk was to be provided. There is a conflict on the question as to the kind of trunk and no evidence is available upon this fact excepting the oral testimony of the parties. As this was necessary to reach a conclusion and at the same time do substantial justice between the parties, we conclude that there was no error on the part of the trial court in overruling the request of the plaintiff in error, and in admitting the testimony to prove the kind and character of trunk that the parties in fact agreed should be provided.

We find no prejudicial error, and find according to the evidence, substantial justice was done between the parties. The finding and judgment will be affirmed at the costs of the plaintiff in error.

Justice, PJ and Crow, J, concur.